IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| NETCRACKER TECHNOLOGY CORPORATION, et. al, | : Case No. 1:23-cv-826 |
| | : |
| | : Judge Matthew W. McFarland |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| DANIEL CARRO, | : |
| | : |
| Defendant. | : |

**ORDER DENYING DEFENDANT'S MOTION TO STAY (Doc. 20)**

This matter is before the Court on Defendant's Motion to Stay (Doc. 20). Defendant seeks to stay this matter pending resolution of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. (*Id.* at Pg. ID 347.) Plaintiffs filed a response in opposition (Doc. 25), to which Defendant filed a reply in support (Doc. 28). Thus, this matter is ripe for the Court's review.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  In determining whether to grant a stay, "district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citation omitted). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other

party nor the public will suffer harm from entry of the order." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

I. **The Need for a Stay**

First, the Court considers the need for a stay in this case. Defendant argues that this matter should be stayed because his Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 9) is "likely dispositive of this matter." (Motion to Stay, Doc. 20, Pg. ID 348.) But, as this Court has explained, "it is not enough that a case-dispositive motion is pending." *Oxford Lending Grp., LLC v. Underwriters At Lloyd's London*, No. 2:10-CV-00094, 2010 WL 4026145, at *2 (S.D. Ohio Oct. 12, 2010); *see also Bowens v. Columbus Metro. Libr. Bd. of Trustees*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010). "Rather, where the issues raised in a potentially dispositive motion reasonably can be characterized as fairly debatable, the Court routinely has declined to grant a stay." *Nichols v. State Farm Mut. Auto. Ins. Co.*, No. 2:22-CV-16, 2022 WL 1166232, at *2 (S.D. Ohio Apr. 20, 2022). While the Court declines to express a view on the merits of jurisdiction at this time, the parties' briefing demonstrates that the jurisdictional question is at least "fairly debatable." *Id.* Therefore, the pending Motion to Dismiss does not support a stay.

Plaintiffs also represent that—regardless of the resolution of personal jurisdiction—this case will likely proceed in a court where jurisdiction lies. (Plaintiffs' Response, Doc. 25, Pg. ID 412.) This cuts against granting a stay because expended resources may potentially be used in an alternative forum. *See CrossCountry Mortg., Inc. v. Messina*, No. 1:19-CV-1021, 2019 WL 13195209, at *2 (N.D. Ohio Oct. 8, 2019) (collecting cases). Put simply, "[t]he mere fact that Defendant has filed [a] case dispositive motion[]

does not move the scale one direction or the other." *CBX L., LLC v. Lexikon Servs., LLC.*, No. 3:19-CV-00867, 2020 WL 13443362, at *2 (M.D. Tenn. Mar. 18, 2020). Therefore, the Court does not find a particularly strong need for a stay.

## II. Balance of Hardships

Next, the Court considers potential hardship to the parties in this case. Plaintiffs argue that a stay would cause undue prejudice by delaying resolution of their Motion for Preliminary Injunction. (Plaintiffs' Response, Doc. 25, Pg. ID 413.) On the other hand, Defendant argues that denying a stay would put him "to the undue burden and expense of having to defend the motion for preliminary injunction when the Court likely does not have jurisdiction to enter an injunction against him." (Defendant's Reply, Doc. 28, Pg. ID 535.)

The Court recognizes valid concerns on each side of the ledger. "As is often the case with motions to stay discovery while a dispositive motion pends, both sides have legitimate concerns: Plaintiff does not want this case to languish; Defendant does not want to spend resources unnecessarily." *Ryan v. Flagstar Bank FSB*, No. 2:23-CV-484, 2023 WL 2983680, at *2 (S.D. Ohio Apr. 18, 2023) (cleaned up). Plaintiffs have an "interest in the speedy resolution of [their] case." *Ohio ex rel. Yost v. Ascent Health Servs. LLC*, No. 2:23-CV-1450, 2023 WL 4836950, at *4 (S.D. Ohio July 28, 2023); *see also Ohio Envtl. Council*, 565 F.2d at 396. And while the Court recognizes the potential burden to Defendant, it must be viewed in relation to the burden inherent in any potential evidentiary hearing that Defendant requested to resolve the jurisdictional question. So, after weighing the potential prejudice, this factor does not demand a stay.

### III. Judicial Economy

Finally, the Court considers the interests of judicial economy in this case. Plaintiffs contend that "[n]either the Court nor [Defendant] would gain any efficiency from bifurcating these issues" since they "involve the same set of facts." (Plaintiffs' Response, Doc. 25, Pg. ID 413.) Defendant counters that a stay promotes judicial efficiency by resolving the threshold issue of jurisdiction and additionally points to the litigation of similar issues in Spain. (Defendant's Reply, Doc. 28, Pg. ID 529, 535.)

The Court finds Plaintiffs' argument persuasive. The question of whether Defendant knowingly misappropriated information from servers located in Cincinnati, Ohio is central to both the Motion to Dismiss and Motion for Preliminary Injunction. (*See* Plaintiffs' Response to Motion to Dismiss, Doc. 15; Motion for Preliminary Injunction, Doc. 18.) Furthermore, Defendant has requested an evidentiary hearing to address the issue of personal jurisdiction. (Motion to Dismiss, Doc. 9, Pg. ID 117.) It makes sense for the Court to address these overlapping issues along with the Motion for Preliminary Injunction. *See McCaleb v. Long*, No. 3:22-CV-00439, 2023 WL 2602507, at *2 (M.D. Tenn. Mar. 22, 2023) ("When a defendant raises arguments in its motion for dismissal that overlap with those asserted in opposition to a pending motion for a preliminary injunction, a court may resolve both motions at once.").

To be sure, the Court has discretion to stay a matter "pending resolution of independent proceedings which bear upon the case at hand." *Unroe v. Vilsack*, No. 2:11-CV-592, 2012 WL 3527219, at *1 (S.D. Ohio Aug. 14, 2012) (quotation omitted). However, Defendant seeks to stay this matter pending this Court's resolution of the Motion to

4

Dismiss—not pending the Spanish court's decision. (Motion to Stay, Doc. 20, Pg. ID 347.) Therefore, the requested stay would not ensure a ruling in the Spain litigation prior to this Court's disposition of the Motion to Dismiss. After considering these arguments, the Court finds that, on balance, judicial economy does not support a stay.

Based on the facts, the Court concludes that a stay is not appropriate. Accordingly, Defendant's Motion to Stay (Doc. 20) is **DENIED.**

  **IT IS SO ORDERED.**

              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO

             By: _____
              JUDGE MATTHEW W. McFARLAND